UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| : |  |  |
| MINNESOTA LIFE INSURANCE | : | CASE NO. 1:12-CV-00509 |
| COMPANY | : |  |
| : |  |  |
| Plaintiff, | : |  |
| : |  |  |
| vs. | : | OPINION & ORDER |
| : | [Resolving Docs. No. 27, 28, 55.] |  |
| CHRISTOPHER COLE, PURPORTED | : |  |
| TRUSTEE OF PURHENIUM | : |  |
| CORPORATE TRUST *et al*, | : |  |
| : |  |  |
| Defendants. | : |  |
| : |  |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 1, 2013, Plaintiff Minnesota Life Insurance Company ("Minnesota Life") filed a complaint asking the Court to declare whether Defendant Christopher Cole or Defendant Gerald Hoch II is the proper trustee of the Purhenium Corporate Trust ("Purhenium Trust").[1] On January 7, 2013, Cole and Hoch each moved for summary judgement.[2] On February 25, 2013, Cole filed a self-styled motion to "show cause for perjury" against Hoch.[3]

Because Cole fails to show a genuine issue of material fact exists about whether the Purhenium Trust's settlors can replace Cole as trustee, the Court **GRANTS** Hoch's motion for summary judgment and **DENIES** Cole's motion for summary judgement.  Because there is no private cause of action for perjury, the Court **DENIES** Cole's motion to show cause for perjury.

---

[1] Doc. 1.

[2] Docs. 27, 28.  The parties responded and replied to the motions.  Docs. 43, 46, 48, 49, 51.

[3] Doc. 55.  Hoch responded, doc. 56, and Cole replied, doc. 57.

Case No. 1:12-CV-00509
Gwin, J.

# I. Background

## A.  The Life Insurance Policy

In this case, the parties dispute who should serve as trustee of a trust that owns a large life insurance policy.  The trust at issue was formed by two corporations, Puritas Metal Products, Inc. ("Puritas") and Rhenium Alloys, Inc. ("Rhenium") to secure debt owed to Barbara Hook.[4]  Hook's husband, Robert Cook, had been the majority shareholder of Puritas.  He had loaned money to Puritas to keep the company operating.[5]  According to Defendant Christopher Cole, the Cook's hired him to turn around Puritas's finances.[6]  He says that he acquired a twenty-five percent stake in Puritas and began negotiating with the Cooks to purchase Puritas.[7]

On May 21, 2004, Barbara Cook and Cole executed an application for $4,000,000 in life insurance with Minnesota Life.[8]  The application named Cook as the insured, the Purhenium Trust as the insurance policy owner and beneficiary, and Cole as the Purhenium Trust's trustee.[9]  On the same day, Cole executed and provided Minnesota Life a certification of trustee authority that said he was the trustee of the Purhenium Trust.[10]

Minnesota Life then issued a life insurance policy, Policy No. 2321702V, effective June 15, 2004, to the Purhenium Trust.[11]  The policy provided $4,000,000 in coverage and charged a $72,000

---

[4] Doc. 1-1 at 2.
[5] Doc. 64 at 6.
[6] *Id.*
[7] *Id.*
[8] Doc. 1 at 3.
[9] *Id.*
[10] *Id.*
[11] Doc. 1 at 2.

Case No. 1:12-CV-00509
Gwin, J.

annual premium.[12/]  With trustee Cole's approval, Minnesota Life withdrew the premium payments

from a Puritas bank account held at the Buckeye Community Bank.[13/]

**B.  The Dispute**

In May 2008, four years after the life insurance policy was purchased, Minnesota Life

received a certification of trustee authority that named Defendant Gerald Hoch as the new Purhenium

Trust's trustee.[14/]  Hoch also executed and provided Minnesota Life with a certification of trustee

authority that said he was the Purhenium Trust's trustee.[15/]

On September 27, 2010, Cole executed and provided Minnesota Life with another

certification of trustee authority saying that he was the trustee of the Purhenium Trust.[16/]  In response,

Minnesota Life contacted Cole and Hoch, saying that it possessed conflicting information about who

was the proper trustee of the Purhenium Trust.[17/]  Minnesota Life requested that the parties circulate

the Trust's original documentation or reach an agreement about who was the proper trustee.[18/]

Minnesota Life says the parties have been unable to reach an agreement and have failed to circulate

the original trust documents.[19/]

**C.  The Parties' Positions**

According to Hoch, he is the trustee of the Purhenium trust under a March 6, 2008, written

trust agreement (the "2008 Trust Agreement") executed by Richard Cook, President of Puritas, and

---

[12/]Doc. 1 at 2.

[13/]Doc. 1-1 at 2.

[14/]*Id.* at 3.

[15/]*Id.*

[16/]*Id.*

[17/]*Id.*

[18/]*Id.*

[19/]*Id.* at 4.

Case No. 1:12-CV-00509
Gwin, J.

Michael Prokop, President of Rhenium.[20]  Hoch says that the 2008 Trust Agreement is the first written memorialization of the Purhenium Trust.[21]  Hoch says that the 2008 Trust Agreement gives the Purhenium Trust's settlors the power to appoint a new trustee.[22]  And here, Hoch says, Puritas and Rhenium, as the settlers of the Purhenium Trust, appointed Hoch as the trustee.[23]

According to Cole, the 2008 Trust Agreement is not the first written memorialization of the Purhenium Trust.[24]  Cole says that the parties memorialized the Purhenium Trust in a written agreement in 2003 (the "2003 Trust Agreement").[25]  Cole says attorney Chris Krause drafted the 2003 Trust Agreement, which Cole kept in his office at Puritas.[26]  But Cole says, in June 2007, Richard Cook had the North Ridgeville police eject him from his office.[27]  Cole says that once he had been ejected, Richard Cook removed Cole's copy of the 2003 Trust Agreement from his office.[28]

### D.  Declaratory Judgment

On March 1, 2013, Minnesota Life filed a complaint asking that the Court declare whether Cole or Hoch is the proper trustee of the Purhenium Trust.[29]  On January 7, 2013, Cole and Hoch moved separately for summary judgement.[30] On February 25, 2013, Cole filed a motion to "show

---

[20]/Doc. 27-2 at 12.
[21]/Doc. 53 at 1.
[22]/Doc. 27 at 4.
[23]/Doc. 27 at 4.
[24]/Doc. 48 at 2.
[25]/*Id.* at 2.
[26]/*Id.* at 6.
[27]/*Id.*
[28]/*Id.*
[29]/Doc. 1.
[30]/Docs. 27, 28.

Case No. 1:12-CV-00509
Gwin, J.

cause for perjury" against Hoch.[31] Hoch responded,[32] and Cole replied.[33]  The parties' motions are ready for a decision, and the Court considers them in turn.

## II. Law & Analysis

### A.  Summary Judgement Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[34]

Under Rule 56, the moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case.[35]  "A fact is material if its resolution will affect the outcome of the lawsuit."[36]  The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[37]

Once the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing a triable issue.[38]  It is not sufficient for the non-moving party to show that there is some existence of doubt as to the material facts.[39]  Nor can the non-moving party rely upon mere allegations or denials of its pleadings.[40]  In responding to a summary judgment motion,

---

[31]/Doc. 55.
[32]/Doc. 56.
[33]/Doc. 57.
[34]/*Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008).
[35]/*See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[36]/*Martingale, LLC v. City of Louisville*, 361 F.3d 297, 301 (6th Cir. 2004).
[37]/*Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).
[38]/*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[39]/*See id.* at 586.
[40]/Fed. R. Civ. P. 56(e).

Case No. 1:12-CV-00509
Gwin, J.

the non-moving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[41]

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the non-moving party.[42]  "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial."[43]  Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[44]

## B.  The Parties' Motions for Summary Judgement

The Court finds that Cole has failed to show a genuine issue of material fact exists about whether Hoch is the proper trustee.  First, Cole has failed to show that the Purhenium Trust's settlors memorialized the trust in a written agreement before 2008.  Cole says that the parties memorialized the trust in the 2003 Trust Agreement.[45]  He says that the settlors cannot make Hoch the trustee because the 2003 Trust Agreement limits the settlors' ability to remove him as trustee.[46]  Cole says that attorney Chris Krause drafted the 2003 Trust Agreement, which Cole kept in his office at Puritas.[47]

---

[41] *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (internal quotation omitted).

[42] *Thomas v. Cohen*, 453 F.3d 657, 660 (6th Cir. 2004) (citations omitted).

[43] *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

[44] *Martingale*, 361 F.3d at 301.

[45] Doc. 48 at 3.

[46] *Id.* at 8.

[47] *Id.* at 6.

-6-

Case No. 1:12-CV-00509
Gwin, J.

The only evidence Cole offers to show the existence of the 2003 Trust Agreement is a December 30, 2003, email from Puritas attorney Kevin Donovan.  There, Donovan writes to Cole that Krause will "prepare an initial draft of the Trust Agreement for your review and that of Mike Prokop.  After any necessary revisions are made, the Trust Agreement can be submitted to the two Boards of Directors for approval."[48]

But, Hoch's evidence shows that the parties never memorialized the trust in a written instrument until 2008.  Hoch submits an affidavit from Donovan where he says that "[f]rom 2003 until March, 2008, the Purhenium Corporate Trust was an oral trust.  There was no written trust agreement.  On March 6, 2008, the Purhenium Corporate Trust was memorialized in a written agreement for the first time."[49]  Thus, while Cole is correct that his evidence shows that Donovan and Krause may have intended to draft a written agreement in December 2003, Cole fails to provide any evidence that Donovan and Krause actually drafted that agreement.  More importantly, he fails to show that any agreement was actually executed.  In contrast, Hoch has affirmatively shown that Donovan and Krause did not draft a written agreement.[50]  Thus, Cole has failed to offer any evidence that shows the existence of the 2003 Trust Agreement and its purported limitation on the settlors' power to remove Cole as trustee.

Second, even if the settlors memorialized the trust in the 2003 Trust Agreement, Cole has failed to show that the trust was irrevocable.  Under Ohio law, "[u]nless the terms of a trust expressly provide that the trust is irrevocable, the settlor may revoke or amend the trust."[51]  This default rule,

---

[48]/Doc. 48-13 at 1.
[49]/Doc. 53-1 at 1.
[50]/*Id.*
[51]/Ohio Rev. Code 5806.02(A).

-7-

Case No. 1:12-CV-00509
Gwin, J.

however, "does not apply to a trust created under an instrument executed before January 1, 2007."[52]
For trusts created before January 1, 2007, the rule is that "after the grantor has completed the creation
of a trust, she is without rights, liabilities, or powers over the trust unless expressly provided for by
the trust agreement."[53]

Here, Hoch has offered evidence that the settlors intended to make the trust revocable at the
time they created it.[54]  Further, Hoch has shown that the settlors intended to reserve for themselves
the specific power to remove a trustee.[55]  Cole has failed to offer evidence showing the settlors
intended otherwise, and he has failed to show that the trust was irrevocable.  Moreover, Cole
disputed that Barbara Cook was the majority shareholder of Puritas, and thus, Cole had disputed who
could exercise Puritas's power as settlor.[56]  But, the Ohio Court of Appeals has resolved that dispute
in favor of Barbara Cook.[57]  Therefore, because Cole has failed to show that the Purhenium Trust's
settlors memorialized the trust in a written agreement before 2008, and because Cole has failed to
offer any evidence to show that the Purhenium Trust was irrevocable, Cole has failed to show a
genuine issue of material fact exists about whether Hoch is the proper trustee.

## C. Cole's Motion to Show Cause

On February 25, 2013, Cole filed a self-styled motion "to show cause for a charge of perjury

---

[52] *Id.*

[53] *Lourdes Coll. of Sylvania, Ohio v. Bishop*, 703 N.E.2d 362, 366 (Ohio Com. Pl. 1997) (citing 1 Bogert, Trusts and Trustees (2 Ed. Rev. 1984) 431 §42).  The Ohio Trust code makes trusts revocable by default.  Ohio Rev. Code 5806.02(A).  But, "because some settlors may have relied on the common law rule that trusts are irrevocable unless expressly made revocable, the [Ohio Trust Code] provision reversing that rule does not apply retroactively."  Alan Newman, *The Uniform Trust Code: An Analysis of Ohio's Version*, 34 Ohio N.U. L. Rev. 135, 137 (2008).

[54] Doc. 27-2 at 3.  Hoch offers the affidavit of Michael Prokop, who Cole concedes had personal knowledge of the settlors' original intent.  Doc. 64 at 31.

[55] *Id.*

[56] Doc. 27 at 3-4.

[57] *See Puritas Metal Products Inc. v. Cook*, 972 N.E.2d 615, 617 (Ohio Ct. Appeals 2012), *appeal not allowed*, 975 N.E.2d 1029, *reconsideration denied*, 978 N.E.2d 912.

-8-

Case No. 1:12-CV-00509
Gwin, J.

against"Hoch.[58]    There, Cole says that under 18 U.S.C. §§ 1001, 1621, 1622, and 1623, Hoch

suborned the perjury of Richard Cook and Michael Prokop by submitting false affidavits to this

Court.[59]  But, the statutes Cole cites to do not provide a private cause of action and are only available

in criminal matters.[60]  Thus, even if Cole had established all of the elements necessary to establish

perjury, his claims would still fail because he does not possess a private right of action.  Therefore,

the Court denies Cole's motion to show cause.

### III. Conclusion

For the reasons above, the Court **GRANTS** Hoch's motion for summary judgment and

**DENIES** Cole's motion for summary judgement and motion to show cause for perjury.

IT IS SO ORDERED.


Dated: May 2, 2013                                          s/              *James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

---

[58]/Doc. 55.

[59]/*Id.* at 10-19.

[60]/*See, e.g.,* *Nicole Energy Services, Inc. v. McClatchey,* 2:08-CV-0463, 2010 WL 55718, at *6 (S.D. Ohio Jan. 4, 2010)* (holding a party had failed to show a private cause of action for perjury under 18 U.S.C. §§ 1001, 1621, 1622, and 1623).